

**THE ATTORNEY GENERAL**

**OF TEXAS**

Austin 11, Texas

WILL WILSON
ATTORNEY GENERAL

September 25, 1962

Honorable J. W. Edgar          Opinion No. WW-1445
Commissioner of Education
Texas Education Agency         Re: Implication of the recent
Austin, Texas                      United States Supreme
                                   Court's decision regarding
                                   prayer in the public schools
                                   of New York, and related
Dear Mr. Edgar:                    questions.

        You have requested an opinion from this office
upon certain questions relating to the implication of the
recent United States Supreme Court case of Engel v. Vitale,
____ U.S. ____, 8 L.Ed.2d 601, 82 S.Ct. ____ (1962), the so-
called "School Prayer Case." Specifically you have posed
the questions of whether, in view of the decision in Engel
v. Vitale, supra, a school district may lawfully:

        "1.  Permit a student or teacher to say a
blessing at mealtime in a homeroom group;

        "2.  Provide a period of silent meditation
during mealtime;

        "3.  Have a prayer said at the football
games, or other school sponsored public gather-
ings;

        "4.  Provide or allow for the reading of
Bible passages in a homework or during school
assembly programs."

        In connection with the questions posed you have
stated that there is no uniform policy, directive or practice
in the schools of this State concerning prayer or reading of
the Bible in connection with activities such as set forth in
the questions heretofore posed.

        In the case of Engel v. Vitale, supra, the Board
of Education of Union Free School District No. 9, New Hyde
Park, had, while acting in its official capacity under state
law, directed the School District's principal to cause the
following prayer to be said aloud by each class in the pres-
ence of a teacher at the beginning of each school day:

"Almighty God, we acknowledge our depend-
ence upon Thee, and we beg Thy blessings upon
us, our parents, our teachers and our country."

This daily procedure was adopted on the recommenda-
tion of the State Board of Regents.  The State Board of Re-
gents is a governmental agency which had been created by the
Constitution of the State of New York, and such agency had
been granted broad supervisory, executive and legislative pow-
ers over the public school system of the State of New York
by the Legislature of the State of New York.  The officials
comprising the State Board of Regents had composed the above-
quoted prayer which they recommended and published as a part
of their "Statement on Moral and Spiritual Training in
Schools."  In the instant case the prayer was said upon the
commencement of the school day and immediately following the
pledge of allegiance to the flag.  The prayer was said aloud
by either the teacher or one of the students.  However, no
student was compelled to take part in such prayer, and could
even leave the classroom if he so desired.

After the practice of reciting the Regents' prayer
had been adopted by the School District, the parents of ten
children brought the instant action in a State court of New
York, and, in the words of Mr. Justice Black in the United
States Supreme Court's opinion in Engel v. Vitale, supra:

". . . challenged the constitutionality of
both the state law authorizing the School Dis-
trict to direct the use of prayer in public
schools and the School District's regulation
ordering the recitation of this particular prayer
on the ground that these actions of official gov-
ernmental agencies violate that part of the First
Amendment of the Federal Constitution which com-
mands that 'Congress shall make no law respecting
an establishment of religion'--a command which
was 'made applicable to the State of New York by
the Fourteenth Amendment of the said Constitu-
tion.' . . ."   (Emphasis added).

The trial court in New York, in which this suit was
commenced, denied the relief requested by the parents.  The
New York Court of Appeals sustained the order of the trial
court which had upheld the power of New York to use the Re-
gents' prayer as a part of the daily procedure of its public
schools so long as the schools did not compel any pupil to
join in the prayer over his or his parents' objection.  The
United States Supreme Court granted certiorari and in its de-
cision in Engel v. Vitale, supra, reversed and remanded the

decision of the New York courts.

The implications of Engel v. Vitale, supra, upon the questions posed in the instant opinion request are best revealed by excerpts of pertinent portions of the majority opinion of the Unived States Supreme Court in Engel v. Vitale, supra, and which are set forth as follows:

> "We think that by using its public school system to encourage recitation of the Regents' prayer, the State of New York has adopted a practice wholly inconsistent with the Establishment Clause. . . .

> ". . .

> "The petitioners contend among other things that the state laws requiring or permitting use of the Regents' prayer must be struck down as a violation of the Establishment Clause because that prayer was composed by governmental officials as a part of a governmental program to further religious beliefs. For this reason, petitioners argue, the State's use of the Regents' prayer in the public school system breaches the constitutional wall of separation between Church and State. We agree with that contention since we think that the constitutional prohibition against laws respecting an establishment of religion must at least mean that in this country it is no part of the business of government to compose official prayers for any group of the American people to recite as a part of a religious program carried on by government.

> ". . .

> ". . . One of the greatest dangers to the freedom of the individual to worship in his own way lay in the Government's placing its official stamp of approval upon one particular form of prayer or one particular form of religious services. . . The First Amendment was added to the Constitution to stand as a guarantee that neither the power nor the prestige of the Federal Government would be used to control, support or influence the kinds of prayer that American people can say--. . .

". . . government in this country, be it state or federal, is without power to prescribe by law any particular form of prayer which is to be used as an official prayer in carrying on any program of governmentally sponsored religious activity.

". . . each separate government in this country should stay out of the business of writing or sanctioning official prayers and leave that purely religious function to the people themselves and to those the people choose to look to for religious guidance."[1]  (Emphasis added).

The majority opinion of the United States Supreme Court in Engel v. Vitale, supra, was adopted upon the vote of five of the Justices.  Justice Stewart dissented.  Justice Frankfurter and Justice White took no part in the decision. Justice Douglas concurred in the result but upon different grounds which are set forth in his concurring opinion.

Essentially, the concurring opinion of Justice Douglas deals with the question of:

"Whether the Government can constitutionally finance a religious exercise."

Justice Douglas concurs with the result reached by the majority opinion, but bases his reasoning, that there has been a violation of the First Amendment of the United States Constitution in the instant case, upon the grounds that the activities of the public schools of New York constitute the financing of a religious exercise by the State of New York.

However, the reasoning set forth in Justice Douglas' concurring opinion can be given little or no more weight than

---

1/ This last phrase was footnoted with the following comment:

"There is of course nothing in the decision reached here that is inconsistent with the fact that school children and others are officially encouraged to express love for our country by reciting historical documents such as the Declaration of Independence which contain references to the Diety or by singing officially espoused anthems which include the composer's professions of faith in a Supreme Being, or with the fact that there are many manifestations in our public life of belief in God. Such patriotic or ceremonial occasions bear no true resemblance to the unquestioned religious exercise that the State of New York has sponsored in this instance.  (Emphasis added).

a dissenting opinion for the reason that the five Justices voting for the majority opinion did not see fit to agree with the grounds in such concurring opinion as a basis for the result reached by the Court. Consequently, in applying the decision handed down by the United States Supreme Court in Engel v. Vitale, supra, we must be guided by the majority opinion rather than the implications of the concurring opinion.

Throughout the majority opinion of the Court in Engel v. Vitale, supra, the Court repeatedly refers to lack of authority or power of any governmental body or agency to compose, prescribe, support, or influence the type or kind of prayer which may be said at any school activity. In turn, the Court condemns any such effort by a goverbmental body or agency to compose, prescribe, support or influence the type or kind of prayer to be said as a violation of the First Amendment to the United States Constitution.

We are of the opinion that the decision of the United States Supreme Court in Engel v. Vitale, supra, is one of narrow implication rather than broad and all embracing scope, and we are of the further opinion that the Court by this decision has merely rejected as unconstitutional any effort by governmental bodies or agencies to compose, prescribe, support, or place its approval upon any particular prayer or form of prayer which may be said during the course of some private, public, or governmental activity or function.

Consequently, we are of the opinion that in regard to the questions you have posed none of such activities are illegal nor are they in violation of the First Amendment to the United States Constitution as long as there is no action by the State of Texas or any of its agencies or political subdivisions to compose, prescribe, support or place its approval upon any particular prayer or form of religious activity which may constitute a part of some public school or public school sponsored activity.

## SUMMARY

The decision of the United States Supreme Court in the Engel v. Vitale case does not prohibit the public schools of the State of Texas from allowing the saying of prayers or the reading of passages from the Bible during the course of school activities or school-sponsored activities as long as there is no action by the

State of Texas or any of its agencies or political subdivisions to compose, prescribe, support, or place its approval upon any particular prayer or form of religious activity.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Pat Bailey
Assistant

PB:wb

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Howard Mays
Morgan Nesbitt
Scranton Jones
Ernest Fortenberry

REVIEWED FOR THE ATTORNEY GENERAL

BY:  Leonard Passmore